# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW W. BECKEL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 17-4247-JBM |
| | ) |
| S. ORRILL, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. The complaint was originally filed by co-plaintiffs Beckel and Barnard. Plaintiff Barnard was dismissed for failing to pay the filing fee or to file a petition to proceed in forma pauperis. [*See* October 25, 2017 Text Order]. The Court, therefore, reviews the complaint only on behalf of Plaintiff Beckel.

Plaintiff has identified 46 named defendants as well as an unquantified number of John/Jane Does. The substantive part of the complaint, however, is only 1 ½ pages long and gives little detail as to the claims against the majority of the Defendants. Plaintiff alleges that on August 3, 2017, Defendant Orrill made crude remarks about Plaintiff's sexual relationship with Barnard, and intentionally fondled his penis during a pat down. He alleges that on August 13, 2017, Defendants Dikmens and Peepers confiscated letters between Plaintiff and Barnard. Otherwise, Plaintiff claims only that the numerous defendants are "responsible" for supervising others or "responsible" for attending to the residents' living needs and that "[t]he Defendants as a whole pick and choose which residents they wish to punish."

Plaintiff will be allowed to go forward on his claims that Defendant Orrill intentionally fondled his penis during a pat down. While prison officials are permitted to touch, pat down and search a prisoner in order to determine whether the prisoner is hiding anything dangerous in his person, or for other penological reasons, they may not do so "in a harassing manner intended to humiliate and inflict psychological pain." Turner v. Huibregtse, 421 F.Supp. 2d 1149, 1151 (W.D. Wis March 22, 2006). His claim that Defendant Orrill made disparaging remarks will not, as verbal abuse and harassment are considered *de minimus* and not to rise to the level of a

constitutional violation. *Ingraham v. Wright,* 430 U.S. 651, 674 (1977). *See also, DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000)(verbal abuse does not constitute cruel and unusual punishment).

Plaintiff's allegations that Defendants Dikmens and Peepers confiscated letters on August 13, 2017, is not related to the August 3, 2017 claim against Defendant Orville and represent a misjoinder. *See Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013) (a plaintiff may join several defendants in one suit only if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants.); *see also*, Fed.R.Civ.P. 20(a). The claims against Defendants Dikmens and Peepers are dismissed without prejudice. If Plaintiff intends to proceed on this claim, he must file it as a separate lawsuit, with its own attendant filing fee.

Plaintiff makes no specific allegations against the remaining Defendants and they are DISMISSED. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(individual liability under Section 1983 can only be based upon a finding that the defendant caused the deprivation alleged). "To be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

**IT IS THEREFORE ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis [10] is GRANTED. His prior motions at [3] and [7] are rendered MOOT. The Court finds that Plaintiff has stated an Eighth Amendment claim that Defendant Orrill conducted the pat down search in a harassing manner, without penological justification. Any additional claims shall not be included in the case, except

at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. All Defendants, save Orrill, are DISMISSED.

2. Plaintiff's motion for status [11] is rendered MOOT. Plaintiff's motion for default judgment [12], is DENIED as Defendants have not yet been served and are not in default.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the time prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.

Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES AND**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS**

**OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

  2/5/2018                                                      s/Joe Billy McDade
ENTERED                                             JOE BILLY McDADE
                                                       UNITED STATES DISTRICT JUDGE